UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MADISON NEMETH-SHAFFRAN** and
**MARIO BORBOLLA, JR,**

        Plaintiffs,　　　　Case No.

v.

　　　　　　　　　　　　　　　　　Hon.

**MDM RESTAURANTS, INC., d/b/a**
**SILVER CRIKET,**
**DONALD MANASIAN, and**
**MICHAEL MANASIAN**

        Defendants.

**GOLD STAR LAW, P.C.**
**David A. Hardesty (P38609)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*dhardesty@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

## **COMPLAINT**

Plaintiffs Madison Nemeth-Shaffran and Mario Borbolla, Jr., through their attorneys, Gold Star Law, P.C., for their Complaint state:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Madison Nemeth-Shaffran ("Nemeth-Shaffran") is an individual who resides in New Port Richey, Pasco County, Florida.

2. Plaintiff Mario Borbolla ("Borbolla") is an individual who resides in New Port Richey, Pasco County, Florida.

3. Defendant MDM Restaurants, Inc., d/b/a Silver Criket ("MDM"), is a domestic profit corporation with its place of business in Dearborn, Michigan.

3. Defendant Michael Manasian ("Michael") is an individual regularly conducting business in Dearborn, Wayne County, Michigan.

4. Defendant Donald Manasian ("Donald") is an individual regularly conducting business in Dearborn, Wayne County, Michigan.

5. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

6. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## FACTUAL ALLEGATIONS

6. Defendant MDM owns and operates an adult cabaret in Dearborn, Michigan.

7. Upon information and belief, Defendant Michael is the resident agent, president, and co-owner of MDM and is responsible for managing MDM's business operations and setting its compensation policies.

8. Upon information and belief, Defendant Donald is a co-owner of MDM and is responsible for managing MDM's business operations and setting its compensation policies.

9. Defendants employed Plaintiff Nemeth-Shaffran as a bartender from around March, 2016 to around August, 2017.

10. Defendants employed Plaintiff Borbolla as a DJ from around February, 2016 to around June, 2016 and as a manager from around June, 2016 to around August, 2017.

11. During Plaintiff Nemeth-Shaffran's employment with Defendants, she worked, on average, a minimum of approximately 40 hours per week.

12. During Plaintiff Borbolla's employment with Defendants, he worked, on average, a minimum of approximately 45 hours per week.

13. Pursuant to the FLSA, Defendants were required to compensate Plaintiffs at least minimum wage for hours worked up to 40 per week, and at 1 ½ times the minimum wage rate for hours worked in excess of 40 per week.

14. Defendants did not compensate Plaintiffs for any hours worked.

15. The only form of compensation that Nemeth-Shaffran received was the tips that she earned from customers.

16. The only form of compensation that Borbolla received was from the dancers tipping out the DJ and/or bar at the end of each night.

17. Plaintiffs were not, at any time during their employment, exempt from the minimum wage and overtime pay requirements of the FLSA.

18. All hours worked by Plaintiffs, including overtime hours, were worked at the direction and with the sufferance of Defendants.

19. Plaintiff Nemeth-Shaffran worked a minimum of 2400 hours during the course of her employment with Defendants in the three years preceding the filing of this complaint.

20. Plaintiff Borbolla worked a minimum of 2970 hours during the course of his employment with Defendants in the three years preceding the filing of this complaint.

21. Plaintiffs' actual lost wages are at least $48,303.80 (Nemeth-Shaffran: $22,428.80; and Borbolla: $25,875.00), not including their liquidated damages, attorney fees and costs.

22. Defendants' failure to pay minimum wage and overtime was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## CAUSE OF ACTION VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

23. Plaintiffs incorporate the foregoing allegations of this Complaint as if fully stated herein.

24. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

25. Plaintiffs were "employees" within with coverage of the FLSA. 29 U.S.C. 203(e).

26. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

27. Defendants had revenues in excess of $500,000.00 per year during the time of Plaintiffs' employment with Defendants. 29 U.S.C. 203(s).

28. Defendants failed to pay Plaintiffs at least minimum wage for all of the hours Plaintiffs worked up to 40 hours per week, in violation of the FLSA. 29 U.S.C. 206(a).

29. Defendants failed to pay Plaintiffs at 1 ½ times minimum wage for all hours worked in excess of 40 hours per week, in violation of the FLSA. 29 U.S.C. 207(a).

30. An employer who violates the FLSA is liable to the employees for the difference between the amount paid to the employees and the amount that, but for

the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

31. As a direct and proximate cause of Defendants' violation of the FLSA, Plaintiffs have sustained damages in the form of unpaid wages and overtime compensation.

32. Plaintiffs are entitled to liquidated damages, in an amount equal to their actual unpaid overtime.

**WHEREFORE**, Plaintiffs request that the Court grant judgment in Plaintiffs' favor and against Defendants, jointly and severally, for Plaintiffs' actual damages and an equal amount as liquidated damages, together with Plaintiffs' costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable.

    Respectfully submitted,

    **GOLD STAR LAW**
    */s/ Caitlin E. Malhiot*
    **David A. Hardesty (P38609)**
    **Caitlin E. Malhiot (P76606)**
    Attorneys for Plaintiff
    2701 Troy Center Dr., Ste. 400
    Troy, Michigan 48084
    (248) 275-5200
    dhardesty@goldstarlaw.com
    cmalhiot@goldstarlaw.com

Dated: June 6, 2019